FILED

2006 OCT -4  AM 9:47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARVA LEIGH SMITH, | CASE NO. 04CV0013-BEN (CAB) |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Docket No. 75] |
| vs. | |
| SAN DIEGO STATE UNIVERSITY, et al. | |
| Defendants. | |

Plaintiff MARVA LEIGH SMITH[1] has filed a *pro se* Third Amended Complaint, which the Defendants move to dismiss under Fed.R.Civ.P. 12(b)(6). For the reasons that follow, Defendants' Motion is **GRANTED**.

### FACTS

The facts are taken from Smith's Third Amended Complaint. See Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint."). Where appropriate, direct citations will be provided. The Court, however, makes no factual determinations. At this stage, the Court is "required to presume all

---

[1] Plaintiff MARVA LEIGH SMITH will be referred to as "Smith" or "Plaintiff." Defendant SAN DIEGO STATE UNIVERSITY will be referred to as "University" or "Defendant." Smith also names Sue Blair and Cesar Portillo as Defendants in her Third Amended Complaint, but makes no specific claims or allege specific causes of action against them. Indeed, the only allegations in Smith's Third Amended Complaint is against Defendant Portillo. Smith alleges Portillo "refused to meet with Smith and failed to timely provide records assistive in her workers compensation claim and otherwise impaired her free speech rights" and that Portillo "acted as an agent, directly or indirectly, of [the] University in violating Title VII." These allegations are conclusory and do not amount to any cognizable claim.

1 | factual allegations of the complaint to be true and draw all reasonable inferences in favor of the
2 | non-moving party"--Plaintiff. <u>United States v. LSL Biotechnologies</u>, 379 F.3d 672, 698 (9th Cir.
3 | 2004).
4 |     At all times relevant here, Smith "was employed as a graduate teaching assistant and
5 | lecturer" in the University and has had "multiple disabilities.[2]" "During the course of her
6 | employment Smith capably performed each and every condition of her employment agreement."
7 | Smith "informed [the] University of her disabled status through their Disabled Students Services
8 | department. In addition, a record of her disabilities has been in Smith's personnel file since she
9 | began taking sick leave for these disabilities, and [the] University agents have also considered
10 | Smith as disabled."
11 |     "Since University personnel learned of Smith's disabilities, Smith has been continually
12 | harassed" including being subjected to "derogatory and defamatory remarks regarding her
13 | disability" and "been given different work positions that have precluded her from promotional
14 | opportunities." Smith's "immediate supervisors" at the University "knew of her disability" and of
15 | her "ongoing harassment, and failed to prevent this harassment." "Throughout her employment . . .
16 | Smith [has been] denied equal benefits, and privileges, particularly in the areas of office location,
17 | modified work schedules, and provision of equipment causing lost wages, commissions, bonuses,
18 | and other economic and non-economic damages."
19 |     Smith was also "denied reasonable accommodations when she was denied a room change
20 | for one of her projects in Spring 2003, and thereby was forced to carry camera equipment and a
21 | projector down about four to five of stairs that she could not due with her various disabilities on a
22 | daily basis, or as often as classes were being held." Smith's "worker compensation benefits were .
23 | . . terminated before [receiving] adequate medical treatment" and thus "her ability to continue . . .
24 | as graduate assistant was delayed and [she] eventually was terminated as a lecturer."
25 |     Smith "filed a complaint with the Equal Employment Opportunity Commission ("EEOC")

---

[2] According to Smith, her disabilities include "deafness in the right ear, auditory and visual-spatial processing deficits, right ankle degenerative arthritis, fibromyalgia affecting both hands, cervical arthritis, radiculopathy of the right forearm and autoimmune disorders" which "cause severe impairment of one or more major life activities including, but not limited to walking, and hearing and lifting." (Third Amended Complaint ¶ 11.)

1 alleging disability discrimination, age discrimination including harassment, . . . retaliation [and]
2 allegations of failure to provide reasonable accommodation and harassment constituting a hostile
3 work environment."
4     Smith alleges a cause of action for "unlawful discrimination" in violation of Title I of the
5 Americans with Disabilities Act ("ADA")--Smith's First Cause of Action.  Smith also alleges a
6 Second Cause of Action for "unlawful retaliation for engaging in protected activity under the
7 ADA, including harassment against" the University.  Specifically, Smith alleges she "was
8 subjected to harassment from University management . . . including . . . negative performance
9 evaluations, differential treatment and lost training . . .[,] promotional opportunities . . . failure to
10 provide further teaching opportunities, denial of workers compensation benefits, . . . reasonable
11 accommodation for her disabilities and impeding her free speech rights."  These "adverse
12 employment decisions" Smith alleges "were done in a discriminatory, harassing, and retaliatory
13 manner because Smith had engaged in the protected activity of filing . . . an EEOC complaint."
14 Smith also alleges that she made public speeches in May and November 2002 about her disabilities
15 and since that time "has been continually harassed due to her disability" including "deprivation of
16 employment benefits, salaries, bonuses, and other income was done because of [Smith's]
17 disability, and because she requested reasonable accommodation pursuant to her rights under the
18 ADA."
19     Smith's last and Third Cause of Action is for "unlawful sexual discrimination including
20 harassment against" the University under "Title VII of the Civil Rights Act of 1964."  In this
21 regard, Smith alleges the "University and other [unidentified or unnamed] defendants
22 discriminated against her special status as a female in her efforts to publicize the breast implant
23 litigation problems affecting all women."  Smith also alleges "Defendants created a hostile work
24 environment to harass [her], and that such harassment was based on [her] sex as a female."
25     Smith seeks "compensatory damages . . . in an amount not less than three hundred thousand
26 ($300,000) dollars . . . ."
27 ///
28 ///

## STANDARD OF REVIEW

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); see also Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of dispositive issue of law."). "A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (citations omitted). However, it is not "proper to assume that [a plaintiff] can prove the facts it has not alleged or that the defendants have violated [laws] in ways that have not been alleged." Associated General California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Smith is *pro se*. "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (citing Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Lopez, 203 F.3d at 1128 (citation omitted). "*Pro se* plaintiffs should be given an opportunity to amend their complaints to overcome any deficiencies unless it clearly appears the deficiency cannot be overcome by amendment." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc); see also Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

"Moreover, the Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants . . . ." Johnson v. State of Cal., 207 F.3d 650, 653 (9th Cir. 2000). Nevertheless, a *pro se* litigant must supply the essential elements of the claim. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants."). Vague and conclusory allegations will not withstand a motion to dismiss. Id. "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if

those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994).

## DISCUSSION

### I. Smith's First Cause of Action is Barred By the Eleventh Amendment.

Smith brings her First Cause of Action under Title I of the ADA against the University. The Supreme Court has held that, absent waiver of Eleventh Amendment immunity, States are not amenable to suit under Title I of the ADA. See Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 360 (2001) ("We hold that such suits are barred by the Eleventh Amendment."); see also Miranda B. v. Kitzhaber, 328 F.3d 1181, 1184 (9th Cir. 2003). There is nothing to suggest that California has waived its immunity to suit in this instance. Cf. BV Engineering v. University of California, Los Angeles, 858 F.2d 1394, 1397-1400 (9th Cir.1988) (noting that waiver requires either express consent to suit from a state or clear Congressional intent to condition participation in a federal program on waiver of immunity). Moreover, the University is an instrumentality of the state for purposes of the Eleventh Amendment. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972 (9th Cir. 1994) (holding that even community college districts are "dependent instrumentalities of the state of California"). Accordingly, Smith's First Cause of Action under Title I of the ADA is barred by the Eleventh Amendment. Because "it is obvious that [Smith] cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend," her cause of action under Title I of the ADA against the University is dismissed with prejudice. Lopez, 203 F.3d at 1128 (citation omitted).

In her Opposition, Smith argues that her First cause of action should not be dismissed "due to [her] unintentional typographical errors in her Third Amended Complaint, where 'Title I' should have been pled as 'Title II of the ADA.'" (Opposition at 4:1-6.) Smith makes no reference to Title II of the ADA in her Third Amended Complaint. Review "on a motion to dismiss is limited to the contents of the complaint." Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 872 (9th Cir. 1992); see also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule

12(b)(6), review is limited to the complaint."). Therefore, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Cal. Dep't of Corr.,151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Smith's "new" allegations contained in . . . [her] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes." Id. In other words, Smith cannot avoid dismissal of her claim by attempting to ament her complaint in her Opposition papers.[3]

## II.     Smith's Second Cause of Action

In support of her Second Cause of Action, Smith alleges "unlawful retaliation for engaging in protected activity under the ADA, including harassment against" the University.

Defendants assert Smith's Second Cause of Action arises under Title IV of the ADA.[4] Thus, Defendants argue, Smith's cause of action is barred by the Eleventh Amendment. However,

---

[3] It is also not clear whether the allegations in Smith's Third Amended Complaint state a claim under Title II of the ADA. To state a claim under Section 12132 or Title II of the ADA, a plaintiff must allege: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by a public entity, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis removed). Smith fails to allege she was "excluded from participation in or . . . denied" education, or any other related program or services the University offers. See Zimmerman v. State of Oregon Dept. of Justice, 170 F.3d 1169 (9th Cir. 1999) Nor was the University "required to create new programs that provide heretofore unprovided services to assist disabled persons." Townsend v. Quasim, 328 F.3d 511, 518 (9th Cir. 2003). Smith also fails to allege she was denied any "outputs" by the University solely by reason of her disability. See Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d at 978 ("A plaintiff proceeding under Title II . . . must prove that the exclusion from participation in the program was **solely** by reason of disability.") (emphasis in original). For essentially the same reasons, Smith fails to allege she is a "qualified individual" under the Statute. "[A] 'qualified individual with a disability' include[s] anyone with a disability: who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001). Smith has not alleged or identified a specific program, activity, or benefit the University offered and for which she was "qualified," i.e. "me[t] the essential eligibility requirements." Id.; see also Zimmerman, 170 F.3d at 1176.

[4] Title IV provides:

(a) Retaliation:

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. 42 U.S.C. § 12203(a).

there is nothing in Smith's Third Amended Complaint suggesting that her Second Cause of Action *necessarily* arises under Title IV of the ADA. Smith does not identify under which federal or state statute her cause of action arises.

As noted above, at this stage, the Court must liberally construe Smith's allegations. Under that standard, while the heading for Smith's Second Cause of Action alleges "unlawful retaliation for . . . activity under the ADA", Smith's supporting allegations do not necessarily limit that cause of action to a Title IV claim under the ADA. In other parts of her Third Amended Complaint, incorporated by reference into her Second Cause of Action, Smith alleges that the University and its unnamed officials retaliated against her for exercising her right to free speech, including the complaining of her disabilities. Thus, when liberally construed, Smith's Second Cause of Action may state a claim. See Thomas v. Carpenter, 881 F.2d 828, 829-30 (9th Cir.1989) (holding that a public employee's complaint alleging that the defendant acted with an intention of retaliating against him for speaking on matters of public concern states a first amendment § 1983 claim), cert. denied, 494 U.S. 1028 (1990); see also Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1354 (9th Cir. 1984); Ortez v. Washington County, State of Or., 88 F.3d 804, 809 (9th Cir. 1996); Coszalter v. City of Salem, 320 F.3d 968, 974-975 (9th Cir. 2003).

However, as alleged, the nature of the claim is not clear. Determining what Smith is attempting to allege in support of her Second Cause of Action has required a laborious deconstruction and reconstruction of a great web of scattered and vague allegations. The statement of Smith's cause of action does not state the relevant statutory violations or the involvement of the University or other Defendants, if any, in them. Smith is, therefore, directed to identify the statute or statutes under which she is bringing her Second Cause of Action, each Defendant(s)' role in the alleged statutory violations, and the harm each Defendant or Defendants allegedly caused.

### III. Smith's Third Cause of Action Fails to State a Claim.

Smith's Third Cause of Action is for "unlawful sexual discrimination including harassment against" the University under "Title VII of the Civil Rights Act of 1964."

Title 42 U.S.C. § 2000e-2, or Title VII of the Civil Rights Act of 1964, "protects against discrimination only on the basis of race, color, religion, sex, or national origin." Rene v. MGM

Grand Hotel, Inc., 305 F.3d 1061, 1075 (9th Cir. 2002) (en banc) (quoting 42 U.S.C. § 2000e-2(a)(1)). "Discrimination based on a victim's other characteristics, no matter how unfortunate and distasteful that discrimination may be, simply does not fall within the purview of Title VII." Id. As related to Smith's allegations, under Title VII, "an employer may not 'discriminate against an individual with respect to [her] . . . terms, conditions, or privileges of employment' because of her sex." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting 42 U.S.C. § 2000e-2(a)). In order to show a hostile or abusive work environment based on gender, Smith must demonstrate that she was subjected to "severe or pervasive and unwelcome verbal or physical harassment because of" her gender. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991) (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986)). When, as here, the basis for a hostile work environment claim is gender, the harassing conduct "need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. The motivation can be a 'general hostility to the presence of women in the workplace.' " Kortan v. California Youth Authority, 217 F.3d 1104, 1110 (9th Cir. 2000) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998)).

Against this backdrop, Smith's allegations are insufficient to state a claim under Title VII. Smith alleges the "University and other [unidentified or unnamed] defendants discriminated against her special status as a female in her efforts to publicize the breast implant litigation problems affecting all women [and] created a hostile work environment to harass [her], and that such harassment was based on [her] sex as a female." Smith's allegations are conclusory and do not amount to "extreme" change in the terms and conditions of employment. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). The other incidents Smith complains of do not evidence a particular animus towards women. Nor do they reflect behavior by co-workers or management that was severe, pervasive, or directed towards Smith because she is female. As such, Smith has not adequately stated a claim under 42 U.S.C. § 2000e-2, or Title VII of the Civil Rights Act of 1964.[5]

---

[5] Defendants also move to dismiss Smith's Title VII claim on the basis that Smith has failed to exhaust her administrative remedies. Defendants' argument is moot. The Court has already found above that Smith has failed to state a claim under Title VII. Moreover, Smith has attached exhibits to her Third Amended Complaint, which show that Smith unsuccessfully filed an administrative claim

**CONCLUSION**

Smith's Third Amended Complaint is Dismissed. Smith may file an amended complaint, which shall conform to the terms of the Order, by **October 30, 2006.** Also, if Smith elects to file an amended complaint, she may not add additional claims without leave from the Court. Defendant will be allowed the usual time after service of the amended complaint to answer or otherwise plead to said amended complaint.

**SO ORDERED.**

DATED: 10/03/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel

---

with the Department of Equal Employment Opportunity Commission. See Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990) ("Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies."); see also Jasch v. Potter, 302 F.3d 1092, 1096 (9th Cir. 2002) ("Title VII's exhaustion requirements for suits against federal government agencies were not meant to erect a massive procedural roadblock to access to the courts but rather to give the agency the opportunity to right any wrong it may have committed." ).