# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA LEIGH SMITH,<br><br>                                  Plaintiff,<br>  vs.<br><br>SAN DIEGO STATE UNIVERSITY, et al.,<br><br>                                  Defendant. | CASE NO. 04CV0013-BEN (CAB)<br><br>**ORDER GRANTING DEFENDANT'S JUDGMENT**<br>**ON THE PLEADINGS**<br>**[DOCKET NOS. 101, 109, 110 ]** |

## I.  INTRODUCTION

In her Fourth Amended Complaint, *pro se* Plaintiff Marva Leigh Smith ("Plaintiff) alleges disability discrimination, unlawful retaliation, sexual discrimination, and harassment by her former employer and educational provider, Defendant California State University, San Diego ("Defendant" or "San Diego State").  Presently before the Court is Defendant's Motion for Summary Judgment.

## II.  FACTUAL BACKGROUND

Plaintiff is a former student and lecturer at San Diego State.  Plaintiff completed her studies in August 2002 and has not taken any further course work at San Diego State since that time. Plaintiff's last lecturing assignment was on May 21, 2003, and her last day of employment was July 31, 2003. Plaintiff filed her initial Complaint on January 5, 2004, which was later dismissed on December 2, 2004.  Plaintiff's First Amended Complaint was dismissed by this Court on July

1  26, 2005.  After granting Plaintiff's request to amend her Second Amended Complaint, the Court
2  dismissed Plaintiff's Third Amended Complaint on October 4, 2006.  Plaintiff filed the operative
3  Fourth Amended Complaint on October 30, 2006, alleging *inter alia* disability discrimination,
4  unlawful retaliation, sexual discrimination, and harassment by Defendant.  Plaintiff seeks relief
5  under Title II of the Americans with Disabilities Act and relief under Title VII of the Civil Rights
6  Act.

### III.  DISCUSSION

8  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,
9  and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
10 any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.
11 Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of
12 material fact for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  If the moving
13 party meets this burden, the opposing party must set forth specific facts showing that a genuine
14 issue remains for trial.  Fed. R. Civ. P. 56(e).
15 As is the case here, when a party files a motion for summary judgment and challenges only
16 the sufficiency of the opposing party's pleadings, the Court should treat the motion as one for
17 judgment on the pleadings rather than summary judgment.  *See Mullis v. U.S. Bankruptcy Court*
18 *for Dist. of Nevada*, 828 F.2d 1385, 1387 n6 (9th Cir. 1987).  Federal Rule of Civil Procedure
19 12(c) provides in relevant part that "[a]fter the pleadings are closed but within such time as not to
20 delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  For
21 purposes of the motion, the allegations of the non-moving party must be accepted as true, while
22 the allegations of the moving party which have been denied are assumed to be false.  *See Doleman*
23 *v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir.1984).  Judgment on the pleadings is
24 proper when the moving party clearly establishes on the face of the pleadings that no material
25 issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  *Id.*  As
26 discussed below, Defendant is entitled to judgment as a matter of law.

A.   Title II of the Americans with Disabilities Act ("ADA")

In her Fourth Amended Complaint, Plaintiff alleges under Title II of the ADA that she encountered disability discrimination, unlawful retaliation, and a hostile learning environment by her former employer and educational provider. "Title II of the ADA prohibits discrimination in public services and programs." *Rodde v. Bonta*, 357 F.3d 988, 995 (9th Cir. 2004). Title II provides that ". . . no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In the Fourth Amended Complaint, Plaintiff states that "[d]uring the relevant period of the [Fourth Amended Complaint], [she] was employed as a graduate teaching assistant and lecturer. . . .[but] due to the discriminatory treatment. . . . she was never taken off probationary status or given additional teaching opportunities." 4th Am. Compl. at 4.

It is apparent after reviewing the Fourth Amended Complaint that Plaintiff's Title II claim still derives solely from her employment status. This Court has already determined that no action can lie for a Title II violation based upon Plaintiff's employment with Defendant. Title II of the ADA simply does not apply to employment situations. *See Zimmerman v. Oregon Dept. of Justice,* 170 F.3d 1169, 1184 (9th Cir. 1999) (holding that Title II does not apply to employment discrimination claims). The Court notes that each of Plaintiff's allegations in the Fourth Amended Complaint remain directly or inextricably intertwined with her status as a San Diego State employee. For example, Plaintiff states that

> ... [t]hroughout her employment, in a course of ongoing conduct, [Plaintiff] was denied equal benefits, and privileges, particularly in the areas of office and classroom location, modified work schedules, and provision of equipment causing lost wages, commissions, bonuses, and other economic and non-economic damages.

4th Am. Compl. at 7-8. Plaintiff also states that

> [w]ithin the time provided by law, [she] filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, sex discrimination, including harassment, and retaliation. This administrative complaint also included allegations of failure to provide reasonable accommodation and harassment constituting a hostile work environment.

4th Am. Compl. at 8.

Since no action can lie for a Title II violation based upon Plaintiff's employment relationship, Plaintiff's Title II claim is not viable. Plaintiff's related claims of retaliation under 42 U.S.C. § 1983 and violation of the Rehabilitation Act pursuant to 29 U.S.C. § 794 also fail. This Court previously dismissed with prejudice Plaintiff's § 1983 claim because it is barred by the statute of limitations. Similarly, Plaintiff's claim under the Rehabilitation Act claim is also time barred. Given that Plaintiff still fails to state a recognizable claim under Title II, Defendant is entitled to judgment on the pleadings.

B.   Title VII of the Civil Rights Act

In her Fourth Amended Complaint, Plaintiff once more alleges that Defendant violated Title VII by harassing her because of her gender. Title 42 U.S.C. § 2000e-2, or Title VII of the ADA, protects against discrimination on the basis of race, color, religion, sex, or national origin. *See Gafoor v. I.N.S.*, 231 F.3d 645, 654 (9th Cir. 2000) (noting that a plaintiff can prevail in a Title VII case if she can show that race, color, religion, sex, or national origin was a motivating factor for any employment practice even if other factors also motivated the practice). Discrimination based on other characteristics, no matter how unfortunate or distasteful, simply does not fall within the purview of Title VII. *See Rene v. MGM Grand Hotel, Inc*., 305 F.3d 1061, 1075 (9th Cir. 2002).

In the context of gender discrimination, an employer can be liable under Title VII for such conduct giving rise to a hostile environment where the employee proves: (1) that she was subjected to verbal or physical conduct of a harassing nature;  (2) that this conduct was unwelcome;  and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *See Pavon v. Swift Trans. Co., Inc*., 192 F.3d 902, 908 (9th Cir.1999).

> "Conduct must be extreme to amount to a change in the terms and conditions of employment. To be actionable under Title VII, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."

*Kortan v. California Youth Authority,* 217 F.3d 1104, 1110 (9th Cir. 2000) (internal citation and quotation omitted).

This Court previously dismissed Plaintiff's Title VII claim without prejudice because she failed to allege facts sufficient to support a gender discrimination claim. Plaintiff's earlier Title VII claim was factually based on her efforts to publicize problems associated with breast implant litigation. In support of her current claim, Plaintiff alleges that Defendant

> discriminated against her special status as a female in her efforts to publicize the breast implant litigation problems affecting all women. [Plaintiff] had written editorials and for a brief period of one semester was a health columnist for the campus newspaper, *The Daily Aztec*. [Plaintiff] had also voluntarily lectured on campus in the political science department and for a graduate program in the woman's studies department. In about 1997, during her first tenure of employment as a classified clerical assistant for Telecommunications and Network Services, [Plaintiff] complained to Jerry Ledin, the former Vice President of the Center for Human Resources after she was expected to distribute flyers to her departmental staff that amounted to an advertisement for the Plastic Surgery Division at the University of California, at San Diego. The literature presented an offer of an employee and faculty discount for procedures to include breast augmentation, a procedure where breast implants may be used. Eventually, when [Plaintiff] was laid off on June 30, 1997, [Defendant] had already began a recruitment for the nation's first regulatory affairs program and a director of [t]he Center for Pharmaceutical and Biodevices Development.

4th Am. Compl. at 11-12. Plaintiff further alleges that

> . . . [Defendant's] conduct was so severe and pervasive throughout her employment [with San Diego State.] Plaintiff alleges such conduct was unwelcome and abusive to adversely affect the terms and conditions of her employment. The causal connection between the adverse employment action or harassment, is expressed by an ongoing and pervasive pattern best characterized as a "conspiracy of silence," that largely surrounded the associated risks and complications that [Plaintiff] made [sic] efforts to inform other employees, students and the public about, [sic] including problems evidenced in breast implant litigation. . . .

4th Am. Compl. at 14.

As in earlier versions of the Complaint, none of the facts that Plaintiff now alleges demonstrate severe or pervasive harassment, nor do they demonstrate a general hostility toward women. A review of Plaintiff's Fourth Amended Complaint indicates that Plaintiff still relies on the same factual basis that resulted in her prior dismissals. Given that Plaintiff continues to fail to state a recognizable claim under Title VII, Defendant is therefore entitled to judgment on the pleadings.

### III.   CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion for Judgment on the Pleadings as to all claims. (Doc. No. 110). Plaintiff's Motions to Appoint Counsel are denied as moot. (Doc. Nos. 101 and 109). The Clerk of Court may close the file.

**IT IS SO ORDERED.**

DATED: June 14, 2007

_____
Hon. Roger T. Benitez
United States District Judge